The opinion of the Court was delivered by
iNGLis, A. J.
This Court is of opinion that the matter set up in defence in this case could, under no form of pleading, avail against the plaintiff’s action. It is, of course, not claimed that it constituted payment, for the Confederate bonds were not delivered by the defendant’s agent, much less accepted by the plaintiff. It need scarcely be said that it did not constitute a tender of payment, so as, upon bringing the rejected tender into Court at the trial, to arrest the interest and avoid costs, for a tender could only be in money, in the proper amount due, and without conditions annexed to its acceptance. (Wistar, Siter & Price vs. Robinson, 2 Bail, 274.) It was not accord and satisfaction, because the agreement was not executed by the defendant, and it was the performance, not the promise that was to be the satisfaction. Here there was not even an offer on the defendant’s part to execute the agreement, according to its terms. The plaintiff’s promise was to receive payment of the amount due him in Confederate bonds. The defendant offering bonds amounting in the aggregate to a sum exceeding the debt, made it a condition of delivering the bonds, that the plaintiff should pay him the difference in money, and, this being refused as no part of the original agreement, the accord failed to result in satisfaction, through the defendant’s fault. It is equally clear that it could not avail by way of discount or cross-action. For, so far as appears from the evidence, the *322 plaintiff’s alleged promise, which must constitute the cause of action in such cross-suit, is without consideration. A creditor’s mere promise to receive from Ms debtor payment of bis demand any otherwise than in the full sum of good money, without more, is nudum pactum. It is not intimated in the testimony that the mode in which these bonds were to be procured was communicated to the plaintiff, there was, therefore, no inducement held out by the latter to the defendant to incur loss or risk of loss by the sale of his cotton for bonds, which could form such consideration. On this part of the case the defendant certainly has no cause for discontent with the charge of the Circuit Judge. But if this Court could, in this particular, concur in the opinion of the Court below, and a consideration to support the plaintiff’s undertaking could be found in the facts proved, yet there has been no breach of his agreement on the plaintiff’s part. His refusal of an offer made within a reasonable time after the agreement, to deliver the bonds of the amount due without other terms or conditions than were in the original agreement, would be necessary to constitute such breach. The fatal defect in this matter of defence, in whatever view, is that the arrangement between the parties failed of consummation through the defendant’s fault. There is no such error in the instructions of the presiding Judge as is alleged in the grounds of appeal.
The plaintiff having established by proof his cause of action, was entitled to recover, and so the jury found. Nothing in bar or abatement of his demand having been made out in defence, he was, of course, entitled as of right to recover according to the terms of the promissory note sued on. The payment of the legal interest on the principal sum from the date of the note until full satisfaction made, was as much a part of those terms by express stipulation as the payment of the principal sum itself, and the jury were not at liberty to distinguish between them, or to *323 give him less than the full amount. The extent of the recovery is not, in such case, within the discretion of the jury. (Ryan vs. Baldrich, 3 McC. 498; Wistar, Siter & Price vs. Robinson, 2 Bail, 274.) If by mistake or design, they withhold the interest, a new trial will be ordered here as of course. The Circuit Judge, perceiving from the face of the record, that an error had clearly been committed in making up the verdict as first brought in, in the present case, did no more than his duty in calling the attention of the jury, in open Court, before the final reception and recording of their verdict, and while they were yet together in their places to this error, explaining to them the legal necessities resulting from their finding that the plaintiff was entitled to a recovery, and thus giving them an opportunity themselves to make the correction.
The motion for a new trial is dismissed.
DuNKIN, C. J., and Wardlaw, A. J., concurred.

Motion dismissed.